Joanne **MEDEIROS,** Administratrix of the Estate of Joshua Sawicki, et al., Plaintiffs,

v.

Shawn **O'CONNELL,** et al., Defendants.

No. 3:95CV00019 (RNC).

United States District Court, D. Connecticut.

Feb. 27, 1997.

Kerin M. Woods, Dennis A. Ferdon, Anderson & Ferdon, P.C., Norwich, CT, for Joanne Medeiros.

Stephen Richard Sarnoski, Attorney General's Office, Public Safety & Special Revenue, Hartford, CT, for Shawn O'Connell, Jack Drumm, Samuel Izzarelli, Robert Hart, David Brundage, Michael Demaio, Ronald Bastura, Richard Wheeler, John Duly and John Rearick.

## RULING AND ORDER

CHATIGNY, District Judge.

In January 1993, Joshua Sawicki was a passenger in a school van that was commandeered by Dwight Pink as he was being pursued by state police officers, including several of the defendants. The officers forced the van to a stop and a gun battle ensued. Four officers fired eighteen shots into the van, killing Pink and wounding Sawicki.

Plaintiff, acting as administratrix of Sawicki's estate, seeks damages against the defendants under 42 U.S.C. § 1983. She claims that the defendants used excessive force in stopping the van and shooting Sawicki in violation of his rights under the Fourth Amendment and the Due Process Clause of the Fourteenth Amendment. The defendants have moved for summary judgment. For the reasons that follow, their motion is granted.[1]

The issue presented by the defendants' motion for summary judgment on the Fourth Amendment claim is whether Sawicki was subjected to a "seizure" within the meaning of the Fourth Amendment. A Fourth Amendment seizure occurs when police officers terminate a person's freedom of movement through means intentionally applied. *Brower v. County of Inyo,* 489 U.S. 593, 597, 109 S.Ct. 1378, 1381, 103 L.Ed.2d 628 (1989). Sawicki was not the object of the defendants' actions in stopping the van or firing their weapons. Accordingly, the officers' conduct did not violate Sawicki's Fourth Amendment rights. *See Landol–Rivera v. Cruz Cosme,* 906 F.2d 791 (1st Cir.1990) (no Fourth Amendment seizure occurred when plaintiff was shot inadvertently during police pursuit of robbery suspect).

The issue presented by the defendant's challenge to the substantive due process claim is whether the defendants are entitled to qualified immunity. Resolution of that issue depends on whether Sawicki had a clearly established right under the Due Process Clause to be free from excessive force. In *Rodriguez v. Phillips,* 66 F.3d 470, 476–77 (2d Cir.1995), the Second Circuit held that a due process right to be free from excessive force was not clearly established in January 1991. No subsequent developments in the law served to clarify the existence of that right before January 1993, when the events at issue in this case occurred. Accordingly, the defendants are protected against liability on the due process claim by the doctrine of qualified immunity.

For the foregoing reasons, defendants' motion for summary judgment is hereby granted.

So ordered.

---

1. The complaint also includes claims based on state law. Because the § 1983 claims are being dismissed prior to trial, I decline to exercise supplemental jurisdiction over the state law claims.